Filed 9/30/14  P. v. Casioce CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E060938 |
| v. | (Super.Ct.No. FVI1400179) |
| EVELYN LORRANINE CASIOCE, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Miriam Ivy Morton, Judge.  Affirmed.

Howard C. Cohen, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Pursuant to a negotiated plea agreement, defendant and appellant Evelyn Lorranine Casioce pled no contest to petty theft with three prior theft-related convictions

1

(Pen. Code, §§ 484/666, subd. (a))[1] and admitted that she had suffered three prior theft-related offenses; in return, the remaining allegations were dismissed and defendant was sentenced to a stipulated term of two years in county jail with credit for time served, and concurrent with a violation of probation. Defendant appeals from the judgment, challenging the sentence or other matters occurring after the plea. We find no error and affirm.

I

FACTUAL AND PROCEDURAL BACKGROUND[2]

On January 14, 2014, defendant entered a Walmart store and selected a duffel bag. Defendant then went around the store selecting several items and placing the items in the duffel bag. Defendant exited the store with the duffel bag full of merchandise without making any attempt to pay for the items. When defendant was approached by a Walmart loss prevention officer, defendant dropped the bag and fled from the loss prevention officer. Defendant was eventually apprehended by an officer who was at the location investigating an unrelated custody theft. Defendant did not have any means of paying for the merchandise which totaled $463.11.

On January 16, 2014, a felony complaint was filed charging defendant with one count of petty theft with three prior theft-related convictions (§§ 484/666, subd. (a);

---

[1] All future statutory references are to the Penal Code unless otherwise stated.

[2] The factual background is taken from the police report.

count 1) and one count of second degree burglary (§ 459; count 2). The complaint also alleged that defendant had suffered three prior prison terms (§ 667.5, subd. (b)).

On March 3, 2014, defendant entered into a negotiated no contest plea. Defendant pled no contest to count 1 and admitted that she had suffered three prior theft-related convictions as alleged in count 1. In return, the remaining charge and enhancement allegations would be dismissed and defendant would be sentenced to a stipulated term of two years in county jail with credit for time served, and concurrent with a probation violation. After directly examining defendant, the trial court found that defendant understood the nature of the charges and the consequences of the plea; that the plea was entered into freely, voluntarily, knowingly, and intelligently; and that there was a factual basis for her plea. Defendant was thereafter immediately sentenced in accordance with her plea agreement and awarded a total of 100 days credit for time served.

On April 1, 2014, defendant filed a notice of appeal, challenging the sentence or other matters occurring after the plea.

## II

## DISCUSSION

After defendant appealed, upon her request, this court appointed counsel to represent her. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a summary of the facts and potential arguable issues, and requesting this court to conduct an independent review of the record.

We offered defendant an opportunity to file a personal supplemental brief, and she has not done so.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the entire record for potential error and find no arguable error that would result in a disposition more favorable to defendant.

III

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

KING
J.

MILLER
J.